UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SEEMA V. NAMBIAR, M.D.,

                     Plaintiff,                                   **ORDER**
                                                                             19-CV-0938 (SJF) (ARL)

      -against-

THE CENTRAL ORTHOPEDIC GROUP, LLP, et al.,

                     Defendant.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the Court is the plaintiff's motion seeking to compel the defendants to produce complete medical records of eight patients the defendants have disclosed as witnesses or, in the alternative, to preclude the defendants from calling those witnesses as trial. The defendants oppose the motion. For the reasons set forth below, the motion is denied at this time.

      As indicated in the Court's prior order, the plaintiff, Seema V. Nambiar ("Dr. Nambiar"), commenced this action on February 15, 2019, alleging that she was discharged from the defendant, Central Orthopedic Group ("COG"), in violation of federal laws against employment discrimination and in breach of her employment agreement. According to Dr. Nambiar, she was to be made a partner in COG after a period of employment. The defendants contend that they discharged Dr. Nambiar because of complaints they received from patients and staff that Dr. Nambiar was dismissive, rude, condescending and had poor bedside manner. To this end, the defendants have identified eight former patients who are willing to testify on their behalf.

      Although the defendants have already disclosed the witnesses' names and documents reflecting their complaints, Dr. Nambiar now seeks to compel the defendants to produce the complete medical records of those patients. In support of her argument, Dr. Nambiar states that defendants have already testified at depositions about these patients' medical conditions and treatment with their "apparent" consent. Dr. Nambiar also argues that "a common and serious concern in pain management is patients who seek more medication than is medically necessary." She argues, in this regard, that she is entitled to the medical records to determine whether any of the eight patients became angry with her over her refusal to provide pain medication as demanded.

      The defendants disagree with Dr. Nambiar's characterization of the deposition and argue that the records are protected by HIPAA. To begin with, the defendants note that the eight non-party patients only consented to have their names released. In addition, the defendants argue that they are only relying on the complaints launched by those patients about Dr. Nambiar's behavior. They do not intend to raise any issue with respect to Dr. Nambiar's medical treatment of patients. Moreover, the defendants have indicated that whether a patient left a complaint on voicemail or complained through verbal communication with staff or directly to their practice manager all of

the complaints were memorialized.  Indeed, there is nothing in the plaintiff's application to suggest that any of the eight patients complained because Dr. Nambiar would not give them medication.  Accordingly, without more, Dr. Nambiar had not established entitlement to the patient's complete medical records.


Dated:  Central Islip, New York         **SO ORDERED:**
       April 21, 2020


                                                                       _____/s_____
                                                                       ARLENE R. LINDSAY
                                                                       United States Magistrate Judge