```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
SEEMA V. NAMBIAR, M.D.,

     Plaintiff,                            MEMORANDUM & ORDER
                                           19-CV-0938 (JS)(ARL)
     -against-

THE CENTRAL ORTHOPEDIC GROUP,
LLP; DAVID ZITNER, M.D.; SCOTT
SILVERBERG, M.D.; JORGE BAEZ,
M.D.; MITCHELL KESCHNER, M.D.;
JORDAN KERKER, M.D.; and FERNANDO
CHECO, M.D.,

     Defendants.
---------------------------------X
```

APPEARANCES

For Plaintiff:          Christopher J. DelliCarpini, Esq.
                        Sullivan Papain Block McManus Coffinas
                        & Cannavo P.C.
                        1140 Franklin Avenue, Suite 200
                        Garden City, New York 11530

                        Frank V. Floriani, Esq.
                        Sullivan Papain Block McManus Coffinas
                        & Cannavo P.C.
                        120 Broadway, 27th Floor
                        New York, New York 10271

For Defendants:         Daniel S. Moretti, Esq.
                        Daniel Tarolli, Esq.
                        Jamar Quartrell Green, Esq.
                        Rebecca R. Embry, Esq.
                        Tina Bhatt, Esq.
                        Landman Corsi Ballaine & Ford P.C.
                        120 Broadway, 13th Floor
                        New York, New York 10271

                        Aryeh Roskies, Esq.
                        DTO Law
                        27 East 28th Street, Suite 15019
                        New York, New York 10016

SEYBERT, District Judge:

On February 15, 2019, Plaintiff Seema V. Nambiar, M.D. (hereafter, "Plaintiff") commenced this employment discrimination action against Defendants The Central Orthopedic Group, LLP (hereafter, "Central Orthopedic"), David Zitner, M.D., Scott Silverberg, M.D., Jorge Baez, M.D., Mitchell Keschner, M.D., Jordan Kerker, M.D., and Fernando Checo, M.D., (collectively, with Central Orthopedic, "Defendants"), alleging: (1) age discrimination in violation of 29 U.S.C § 623 and N.Y. Executive Law § 296(1); (2) sex discrimination in violation of 42 U.S.C. § 2000e–2 and N.Y. Executive Law 296(1); (3) retaliation in violation of 42 U.S.C. § 2000e–3 and N.Y. Executive Law § 296(7); (4) breach of contract; and (5) aiding and abetting discrimination and retaliation in violation of N.Y. Executive Law § 296(6). (See generally, Compl., ECF No 2.)

On February 1, 2024, Magistrate Judge Arlene R. Lindsay (hereafter, "Judge Lindsay") issued a Report and Recommendation (hereafter, "Report" or "R&R") recommending the Court grant Defendants' Motion for Summary Judgement and deny Plaintiff's joint Motion for Reconsideration and to Strike Defendants' Exhibits. (R&R, ECF No. 66, at 1.) On February 9, 2024, Plaintiff filed Objections to Judge Lindsay's R&R, to which Defendants responded on February 23, 2024. (Objs., ECF No. 67; Reply to

Objs., ECF No. 68.) For the reasons that follow, Plaintiff's Objections are OVERRULED, the R&R is ADOPTED, and Defendants' Motion for Summary Judgment is GRANTED in its entirety. The Court declines to exercise supplemental jurisdiction over Plaintiff's breach of contract claim. Accordingly, the Clerk of Court is directed to mark this case CLOSED.

## BACKGROUND

### I. Factual and Procedural Background

The Court presumes the parties' familiarity with, adopts, and incorporates herein, the factual and procedural background as set forth in the R&R. (R&R at 1-26.) See generally Sali v. Zwanger & Pesiri Radiology Grp., LLP, No. 19-CV-0275, 2022 WL 819178, at *1 (E.D.N.Y. Mar. 18, 2022) (where no party challenges magistrate judge's recitation of the factual and procedural background of the case, upon clear error review, adopting and incorporating same into court's order).

### II. Plaintiff's Objections to the R&R

Plaintiff asserts four primary objections to Judge Lindsay's R&R. In particular, Plaintiff contends the R&R: (1) ignored the fact that Plaintiff met the first three McDonnell Douglas criteria for making a prima facie showing of sex discrimination and instead relied upon Plaintiff's failure to meet the fourth criteria when recommending summary judgment be granted; (2) relied upon unauthenticated and inadmissible evidence, which

3

the Court should have stricken; (3) disregarded Plaintiff's evidence indicating the reasons for Plaintiff's termination were a pretext for sex discrimination; and (4) failed to analyze Plaintiff's claims for aiding and abetting discrimination in light of "the Court's determination [to grant summary judgment as to] the discrimination and retaliation claims." (Objs. at 1-10.)[1]

In response, Defendants argue Judge Lindsay: (1) appropriately focused on the fourth element of sex discrimination under the McDonnell Douglas framework; (2) properly found the evidence submitted by Defendants could be authenticated and was admissible; (3) correctly concluded that Plaintiff cannot prove pretext; and (4) properly found Plaintiff's aiding and abetting claims should be dismissed based upon the dismissal of the underlying sex discrimination claim. (Reply to Objs. at 1-9.)

The Court finds Plaintiff's Objections to be without merit and addresses each, in turn, below.

---

[1] Plaintiff does not object to Judge Lindsay's recommendations to: (1) grant Defendants' Summary Judgment Motion with regard to Plaintiff's age discrimination claim; and (2) deny Plaintiff's motion for reconsideration of her retaliation claim. Accordingly, Judge Lindsay's recommendations as to those claims are reviewed for clear error. Kruger v. Virgin Atl. Airways, Ltd., 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013), aff'd, 578 F. App'x 51 (2d Cir. 2014) ("The Court reviews portions of the R&R to which a party makes no objection for clear error"). Upon clear error review of Judge Lindsay's recommendations as to these claims, the Court finds none. Judge Lindsay's recommendations to dismiss Plaintiff's age discrimination claim and to deny Plaintiff's motion for reconsideration are therefore ADOPTED.

4

DISCUSSION

I. Legal Standard

   A. Report and Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3); see also U.S. Small Bus. Admin. v. Ameritrans Holdings, LLC, No. 20-CV-1166, 2024 WL 704621, at *2 (E.D.N.Y. Feb. 21, 2024) (applying clear error review where "[d]efendants' regurgitation of their original arguments [was] readily apparent when comparing their [underlying motion] to their [o]bjections"). Moreover, the Court need not review the findings and conclusions to which no proper objection has been made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

B. <u>Summary Judgment</u>

The Court shall grant summary judgment under Rule 56(a) when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material for the purposes of resolving a summary judgment motion "when it might affect the outcome of the suit under the governing law." <u>Adamson v. Miller</u>, 808 F. App'x 14, 16 (2d Cir. 2020). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u> (quoting <u>Jeffreys v. City of N.Y.</u>, 426 F.3d. 549, 553 (2d Cir. 2005)).

"The movant bears the burden of 'demonstrating the absence of a genuine issue of material fact.'" <u>Nick's Garage, Inc. v. Progressive Cas. Ins. Co.</u>, 875 F.3d 107, 114 (2d Cir. 2017) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). This burden may be satisfied by either: (1) submitting evidence that negates an essential element of the non-moving party's claim; or (2) by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim. <u>Id.</u> Once the moving party has met its burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to material facts and instead offer some hard evidence showing that its version of events is not wholly

fanciful." Stein v. County of Nassau, 417 F. Supp. 3d 191, 197 (E.D.N.Y. 2019) (citations omitted).

"Summary judgment is inappropriate when the admissible materials in the record make it arguable that the claim has merit." Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010) (citations and quotation marks omitted). In reviewing the record, the Court "may not make credibility determinations or weigh the evidence" as such determinations are to be made by the jury, not the judge. Id. (citing Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 150 (2000)). Accordingly, where an issue as to a material fact cannot be resolved without weighing the credibility of a witness, summary judgment is improper. Id.

Finally, courts employ "an extra measure of caution" before "granting or affirming summary judgment in a discrimination action because direct evidence of discriminatory intent is rare." Moll v. Telesector Res. Grp., Inc., No. 20-CV-3599, 2024 WL 820179, at *4–5 (2d Cir. Feb. 28, 2024) (citing Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 69 (2d Cir. 2001), abrogated in part on other grounds by Gross v. FBL Financial Services, Inc., 557 U.S. 167 (2009)). "Thus, the court must scrutinize affidavits and depositions carefully for circumstantial evidence that, if credited by the factfinder, could reasonably be interpreted as showing discrimination." Id. However, summary judgment may be appropriate "even in discrimination cases," as "the salutary

7

purposes of summary judgment — avoiding protracted, expensive and harassing trials — apply no less to discrimination cases than to other areas of litigation." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Meiri v. Dacon, 759 F2d 989, 998 (2d Cir. 1985) (alterations omitted)).

II. Analysis

    A. Plaintiff's Objections Warrant Clear Error Review

Turning to Plaintiff's objections, the Court finds them to be "mere reiterations of the arguments in [the] original papers that were fully considered, and rejected, by" Judge Lindsay. Out of the Blue Wholesale, LLC v. Pac. Am. Fish Co., Inc., No. 19-CV-0254, 2020 WL 7488072, at *2 (E.D.N.Y. Dec. 21, 2020) (quoting Rizzi v. Hilton Domestic Operating Co., Inc., No. 19-CV-1127, 2020 WL 6243713, at *2 (E.D.N.Y. Oct. 23, 2020) (collecting cases)). Indeed, Plaintiff's regurgitation of her original arguments is apparent when comparing her underlying opposition to her objections. (Compare Opp. Support Memo, ECF No. 55, at 6-7 (arguing Plaintiff "undisputedly meets the first three elements" of the McDonnell Douglas standard and meets the fourth element based upon Defendants' hiring of a younger physician who was not board-certified), 3-5 (arguing Defendants' evidence should not be considered because it either cannot be authenticated or is not admissible), 12-16 (arguing certain comments made by Defendants are circumstantial evidence of pretext), 16-17 (acknowledging

8

Defendants' argument that the aiding and abetting claims should be dismissed if there was "no discrimination in the first place," and stating such argument is insufficient on its own to require dismissal), with Objs. 1-10 (same)). Thus, the Court reviews Judge Lindsay's Report for clear error.

    B. Objection 1: Evaluation of the *McDonnell Douglas* Criteria

As her first objection, Plaintiff asserts the Magistrate Judge erred by recommending the Court grant summary judgment despite the fact that she "did not even consider the first three *McDonnell Douglas* criteria, but rather . . . based her recommendation on her finding that [Plaintiff] failed to meet her burden on the fourth element." (Objs. at 3.) This objection is premised upon a misunderstanding of the *McDonnell Douglas* standard, and accordingly the Court declines to sustain it.

"Claims of sex-based discrimination under Title VII and NYHRL are analyzed using the familiar burden-shifting framework established in *McDonnell Douglas Corp. v. Green*." *Clay v. County of Suffolk*, 404 F. Supp. 3d 737, 753 (E.D.N.Y. 2019); *McDonnell Douglas*, 411 U.S. 792 (1973).

> At the first step of the *McDonnell Douglas* framework, the plaintiff must establish a prima facie case of sex discrimination by demonstrating that (1) she was within the protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action

9

>     occurred under circumstances giving rise to an
>     inference of discrimination.

Id. (citing Walsh v. N.Y.C. Hous. Auth., 828 F.3d 70, 74-75 (2d Cir. 2006)) (internal citations omitted) (emphasis added).  This standard makes clear, in order to make a prima facie showing of sex discrimination, a plaintiff must prove each of the four elements outlined above.  Thus, even assuming Plaintiff was able to establish the first three elements of the McDonnell Douglas framework, Plaintiff's failure to meet the fourth criteria, i.e., failing to show the adverse action occurred under circumstances giving rise to the inference of discrimination, is enough to grant summary judgment in favor of Defendants.  See, e.g., Smith v. New York & Presbyterian Hosp., 440 F. Supp. 3d 303, 334 (S.D.N.Y. 2020) (granting summary judgment in defendants' favor upon finding purported "adverse actions" were not taken in circumstances giving rise to an inference of discrimination); Chuang v. T.W. Wang Inc., 647 F. Supp. 2d 221, 230 (E.D.N.Y. 2009) (granting summary judgment in defendant's favor where Plaintiff "failed to make a prima facie showing that the circumstances surrounding his termination give rise to an inference of discrimination"); Worrell v. N.Y.C. Dep't of Educ., 140 F. Supp. 3d 231, 240 (E.D.N.Y. 2015) (same). Consequently, it was entirely appropriate for Judge Lindsay to recommend Defendants' Summary Judgment Motion be granted based upon Plaintiff's failure to establish the requisite fourth

McDonnell Douglas element, that is, that an adverse action occurred under circumstances giving rise to an inference of discrimination.

### C. Objection 2: Authentication and Admissibility of Evidence

#### 1. Authentication

Plaintiff argues Judge Lindsay impermissibly relied upon unauthenticated documents when recommending the Court grant Defendants' Summary Judgment Motion. (Objs. at 4.) Notably, Plaintiff does not argue that the exhibits relied upon by Judge Lindsay were inauthentic, but rather, that Defendants "likely will never be able to authenticate" certain documents, while conceding that "Defendants will be able to at least authenticate their own statements." (Id.) Plaintiff further asserts Defendants "made no attempt to authenticate any of their exhibits," despite the fact that Defendants' counsel, Rebecca Embry, swore under penalty of perjury that such exhibits were "true and correct copies" of what they purport to be. (Objs. at 4; Embry Decl., ECF No. 37.) In so objecting, Plaintiff misunderstands the law governing authentication of documents.

As a general matter, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent" need only "produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED.R. EVID 901(a). District courts have "broad discretion to determine whether a piece

11

of evidence has been properly authenticated." <u>United States v. Tin Yat Chin</u>, 371 F.3d 31, 37 (2d Cir. 2004). Moreover where a party submits exhibits to the Court, which are properly supported by an attorney declaration swearing as to the exhibits' authenticity, and where such documents were already produced by parties through the course of discovery, the Court may conclude the exhibits are "reasonably likely to be that which the defendants claim [them] to be."[2] <u>Hallett v. Stuart Dean Co.</u>, 517 F. Supp. 3d 260, 268 (S.D.N.Y. 2021); <u>Jenkins v. Portfolio Recovery Assocs., LLC</u>, No. 14-CV-3532, 2017 WL 1323798, at *4, n.4 (E.D.N.Y. Feb. 13, 2017) (dismissing plaintiff's claims that the documents relied upon for summary judgment had not been properly authenticated where, <u>inter alia</u>, the documents were supported by a declaration "under the penalty of perjury that [declarant] is an attorney familiar with this case, and that the documents submitted as exhibits to his declaration 'are true and accurate copies of documents referenced'" in the summary judgment motion); (<u>see also</u>

---

[2] The Court further finds Plaintiff's reliance upon <u>Russo v. Estee Lauder Corporation</u>, 856 F.Supp.2d 437 (2012), to be misplaced. In <u>Russo</u>, the undersigned granted plaintiff's motion to strike a document as inauthentic where there were several indicia of unreliability. One such indicium was testimony from the purported author of the document who testified he did not recognize the document, did not believe the initials appearing on the document to be his, and did not recall having knowledge sufficient to support the statements made in the document. <u>Id.</u> at 446-47. Here, no such testimony exists, and, as stated <u>supra</u> and noted by Judge Lindsay, Plaintiff fails to dispute the authenticity of the documents at issue. (R&R at n.1.)

Emry Decl. and accompanying exhibits (swearing under penalty of perjury that the exhibits are "true and correct cop[ies]" of what they purport to be and including exhibits bearing bates stamps)). This is especially true where, as here, the party claiming the documents cannot be authenticated "offers no specific reason to doubt any document's authenticity." Hallett, 517 F. Supp. at 268.

Furthermore, as Judge Lindsay aptly stated, "the Court has the discretion to consider unauthenticated or otherwise objectionable evidence where it is apparent that the party may be able to authenticate and establish the admissibility of those documents at trial." (R&R at n.1 (citing Bhd. Mut. Ins. Co. v. Ludwigsen, No. 16-CV-6369, 2018 WL 4211319, at *5 (S.D.N.Y. Sept. 4, 2018) (internal quotation marks omitted)). Therefore, in light of: (1) the Emry Declaration swearing to the authenticity of Defendants' exhibits; (2) Plaintiff's failure to assert any reason to doubt the exhibits' authenticity; and (3) the Court's finding that it is apparent Defendants would be able to authenticate said exhibits at trial, the Court finds Judge Lindsay properly considered Defendants' exhibits in issuing her Report. Accordingly, Plaintiff's objection concerning Judge Lindsay's reliance upon purportedly unauthenticated documents is overruled.

2. Admissibility

Plaintiff further avers that the exhibits relied upon by Judge Lindsay in the R&R are inadmissible because they are hearsay

13

and not subject to the "state of mind" exception set forth in Federal Rule of Evidence ("Rule") 803(3). However, Judge Lindsay did not consider the purported hearsay evidence based upon the hearsay exception provided in Rule 803(3) for statements of a "declarant's then-existing state of mind," but rather, determined the statements were not hearsay at all because they were not being offered for the truth of the matter asserted. (R&R at n.1.) Indeed, "the Federal Rules of Evidence define hearsay as a declarant's out-of-court statement offered in evidence to prove the truth of the matter asserted in the statement." United States v. Dupree, 706 F.3d 131, 136 (2d Cir. 2013) (citing FED. R. EVID. 801(c) (internal quotations and alterations omitted)). The exhibits in question which purportedly contain hearsay accounts of complaints against Plaintiff were not offered for the truth; rather, they were being offered to show they were received by Defendants thereby prompting Defendants to believe there were issues with Plaintiff's job performance. As Judge Lindsay correctly concluded, the critical determination to be made by the Court is not whether the work-related complaints made against a plaintiff are true, but rather, the employer's "state of mind" when making employment decisions. See Poppito v. Northwell Health, Inc., No. 15-CV-7431, 2019 WL 3767504, at *3 (E.D.N.Y. Aug. 9, 2019) (citing Kaur v. N.Y. City Health & Hosps. Corp., 688 F. Supp. 2d 317, 323 (S.D.N.Y. 2010)).

14

Because the exhibits considered by Judge Lindsay were not being offered for the truth, but rather, were being offered as evidence that Plaintiff's termination was based upon legitimate, non-discriminatory reasons, the Court finds these documents were not "inadmissible hearsay." Accordingly, there was no error in Judge Lindsay having relied upon the exhibits in making her recommendation to the Court; hence, Plaintiff's objection is overruled.

D. <u>Objection 3: Evidence of Pretext</u>

As her third objection, Plaintiff asserts Judge Lindsay disregarded Plaintiff's evidence that "Defendants' 'onslaught of complaints' was a pretext" for discrimination. (Objs. at 6.) This objection, however, is premised upon a purported finding that Plaintiff established a <u>prima facie</u> case of sex discrimination in the first instance, which she has not for the reasons discussed <u>supra</u> Part II.B. <u>See</u> <u>Kirkland v. Cablevision Sys.</u>, 760 F.3d 223, 225 (2d Cir. 2014) ("Once an employee makes a <u>prima facie</u> case of . . . discrimination . . ., the burden shifts to the employer to give a legitimate, non-discriminatory reason for its actions. If the employer does so, the burden then shifts back to the plaintiff to show that the employer's explanation is a pretext for . . . discrimination") (internal citations omitted). Because Plaintiff never made a <u>prima facie</u> showing of discrimination, the burden never shifted to Defendants to prove a non-discriminatory

15

reason for its actions, nor did it shift back to Plaintiff to show the reasons offered by Defendants were pretextual. Id. Moreover, even if the burdens had so shifted, the R&R indicates Judge Lindsay evaluated Plaintiff's proffered evidence to support her pretext argument, but found said evidence was insufficient "to convince a reasonable jury that [Central Orthopedic]'s legitimate non-discriminatory reason for terminating her was a pretext." (R&R at 37.) The Court agrees and therefore overrules Plaintiff's third objection.

E. Objection 4: Aiding and Abetting Discrimination

Plaintiff contends Judge Lindsay erred in concluding, "[g]iven the Court's determination [recommending dismissal of] the discrimination and retaliation claims . . . the aiding and abetting claim [should also] be dismissed." (R&R at 39; Objs. at 9-10.) This objection is unavailing. It is well-established, and indeed logically follows, that to prove a person aided or abetted in a discriminatory practice, one must first prove the existence of the alleged underlying discriminatory practice. See Pellegrini v. Sovereign Hotels, Inc., 740 F. Supp. 2d 344, 356 (N.D.N.Y. 2010) ("Importantly, since it is the employer's participation in the discriminatory practice which serves as the predicate for the imposition of liability on others for aiding and abetting, a plaintiff cannot prevail against an individual on her state [aiding and abetting] claims unless she can first establish the liability

16

of her employer.") (internal citations and alterations omitted); see also Johnson v. Cnty. of Nassau, 82 F. Supp. 3d 533, 537 (E.D.N.Y. 2015) (same, but finding that such employer need not be a party to the case); Dunson v. Tri-Maint. & Contractors, Inc., 171 F. Supp. 2d 103, 114 (E.D.N.Y. 2001) ("Defendants' argument that [an individual defendant] cannot be held liable for aiding and abetting presumes a determination by this court that [plaintiff] has failed to prove, as a matter of law, that [defendant company] violated any employment discrimination laws."). Thus, in light of this Court's adoption of Judge Lindsay's recommendation that Defendants are entitled to summary judgment as to Plaintiff's sex and age discrimination claims, the Court finds Defendants are also entitled to summary judgment as to Plaintiff's aiding and abetting claim. Therefore, the Court overrules Plaintiff's objection as to her aiding and abetting claim.

CONCLUSION

For the stated reasons, IT IS HEREBY ORDERED that Plaintiff's objections (ECF No. 67) are OVERRULED, the R&R (ECF No. 66) is ADOPTED in its entirety, and Defendants' Motion for Summary Judgment (ECF No. 53) is GRANTED. It is FURTHER ORDERED that Plaintiff's motions: (1) to strike; and (2) for reconsideration (ECF No. 57) are DENIED.

17

It is FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over Plaintiff's breach of contract claim.  After judgment is entered in favor of Defendants, the Clerk of the Court is directed to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 26, 2024
       Central Islip, New York